# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARYANN DARNELL,**

      **Plaintiff,**

v.                                                               Case No: 6:20-cv-209-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION[1]

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for disability insurance benefits. In a decision dated May 9, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from December 2, 2012, the alleged disability onset date, through May 9, 2019, the date of the ALJ's decision. R. 26-39. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.**     **Issues on Appeal**

Claimant makes the following argument on appeal: the ALJ did not properly weigh the medical opinions of Homi Cooper, M.D. (Dr. Cooper) or Gary Weiss, M.D. (Dr. Weiss) based on adequate rationale and substantial evidence. *See* Doc. 27 at 16.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Doc. 22.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

### A. Dr. Cooper

Claimant first argues that the ALJ erred in discounting the opinions of physical consultative examiner, Dr. Cooper. Doc. 27 at 18-21. The Court rejects this argument.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). While a one-time examiner is not entitled to special deference, the ALJ is still obligated to consider the opinion, state what weight it is afforded, and explain why. *See McCloud v. Barnhart*, 2006 WL 177576, at *7 (11th Cir. Jan. 25, 2006). "An ALJ may entirely discredit an examining physician's opinion, but he or she must explain themselves accordingly." *Turner v. Colvin*, 2013 WL 5411685, at *5 (N.D. Ala. Sept. 26, 2013) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

In addressing Dr. Cooper's opinions regarding mental limitations, the ALJ stated:

> On December 16, 2014, physical consultative examiner Homi S. Cooper, M.D., opined that the claimant would have considerable difficulties with sustained concentration and persistence, social interaction and adaptation. He determined that she would have no difficulties with understanding and past memory. The undersigned gives this opinion little weight. Firstly, the undersigned notes that Dr. Cooper does not appear to be a mental health specialist, so his opinion regarding the claimant's mental functional limitations and abilities falls outside of the scope of his exam and expertise. Moreover, Dr. Cooper did not perform a complete mental status examination of the claimant, and his opinion appears to be based upon his findings that the claimant appeared extremely depressed and anxious, with a flat and tearful affect. The undersigned notes that Dr. Cooper's findings are not consistent with other findings that the claimant displayed appropriate mood and affect during exams (Exhibit 9F at 2; 10F at 9; 11F at 2; 18F at 49).

R. 31.

The ALJ articulated reasons, supported by substantial evidence, for giving Dr. Cooper's opinion regarding mental limitations little weight. *See id*. The ALJ could reasonably conclude that, here, Dr. Cooper offered an opinion beyond the scope of his exam and expertise, and that Dr. Cooper based this opinion on Claimant's depressed, anxious appearance and flat, tearful affect— but did not perform a complete mental status exam. The ALJ could also reasonably conclude that Dr. Cooper's findings were inconsistent with other findings related to mood and affect during exams. Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178. The Court finds no error in the ALJ's consideration of Dr. Cooper's opinion regarding mental limitations.

In addressing Dr. Cooper's opinions regarding physical limitations, the ALJ stated:

> On December 16, 2014, physical consultative examiner Homi S. Cooper, M.D., opined that the claimant could stand and/or walk for one half-hour at a time at a slow pace and would have to rest for an equivalent amount of time in a nonweightbearing position, noting that she could do this for two to three hours in an eight-hour workday. He indicated that the claimant could sit for about one-half hour at a time with positional changes for three to four hours in an eight-hour workday with normal breaks. Dr. Cooper determined that the claimant could lift and/or carry up to 15 pounds occasionally and 10 pounds frequently for short distances. He indicated that the claimant could rarely stoop, crouch, crawl and

climb, but she could reach, grasp, handle, finger and feel repetitively. He concluded that that the claimant should avoid work in extremes of environmental temperature, but she had no visual or auditory limitations and needed no assistive device (Exhibit 7F). The undersigned gives little weight to Dr. Cooper's assessment of the claimant's exertional and postural limitations, as it is inconsistent with his findings and with the record as a whole. Dr. Cooper found that the claimant had full range of motion throughout with full strength and normal muscle tone, intact sensation and normal deep tendon reflexes, gait and coordination. Moreover, Dr. Cooper's opinion is not consistent with similar findings of intact cranial nerves, full motor strength in the extremities, normal gait and range of motion in all extremities, intact sensation, normal deep tendon reflexes and no vertebral tenderness to palpation (Exhibits 2F at 20; *SF* at 10, 12, 13; 1 0F at 9, 13; 15F at 11; 18F at 49).

R. 36-37.

The ALJ articulated reasons, supported by substantial evidence, for giving Dr. Cooper's opinion regarding physical limitations little weight. *See id.* The ALJ could reasonably conclude that this opinion was inconsistent with Dr. Cooper's findings and the record as a whole. Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178. The Court finds no error in the ALJ's consideration of Dr. Cooper's opinion regarding physical limitations.

### B. Dr. Weiss

Next, Claimant argues that the ALJ erred ALJ erred in discounting Dr. Weiss's opinion. Doc. 27 at 21-29. The Court rejects this argument.

As an initial matter, the Court notes that Claimant appears to suggest that Dr. Weiss is a treating physician—without providing any argument on that point—but also acknowledges that "the ALJ can reasonably argue that at the time Dr. Weiss completed his opinion, he was not a treating physician. . . ." *See* Doc. 27 at 22-23; 24 n. 9. The Commissioner notes that Claimant "applies the treating physician rule" to Dr. Weiss's opinion but argues, explicitly, that Dr. Weiss's single examination of Claimant is not sufficient to establish the requisite ongoing relationship for treating physician status. *See id.* at 33-34 (citing R. 38, 698-701, 718-22; 20 C.F.R. §

404.1527(a)(2); *Crawford*, 363 F.3d at 1160).  The Court agrees with the Commissioner.  Thus, the ALJ was required to "state with particularity the weight given to [Dr. Weiss's opinion] and the reasons therefore."  *Winschel*, 631 F.3d at 1179.  Again, "[w]hile a one-time examiner is not entitled to special deference, the ALJ is still obligated to consider the opinion, state what weight it is afforded, and explain why.  *See McCloud v. Barnhart*, 2006 WL 177576, at *7.

In addressing Dr. Weiss's opinion, the ALJ summarized the findings and then stated:

> The undersigned gives this opinion little weight in assessing the claimant's residual functional capacity. Firstly, the undersigned notes that the beginning date of his assessment, March 2018, is typed, while the remainder of the form is handwritten, suggesting that Dr. Weiss did not independently formulate his opinion as to when the claimant's alleged limitations began. Moreover, this date is subsequent to the claimant's alleged onset date, the relevant date for establishing the claimant's disability. That said, Dr. Weiss' opinion was rendered after only one documented examination of the claimant one month previously, and his opinion of the claimant's extreme functional limitations are not supported by his limited findings of abnormal gait, reduced cervical and lumbar range of motion, spinal tenderness and spasm and decreased sensation to pinprick. It is also not supported by Dr. Weiss' otherwise normal exam findings of intact cranial nerves, full strength in all extremities with no atrophy or fasciculation, normal deep tendon reflexes, otherwise normal sensation and normal cerebellar testing (Exhibit 15F at 11). Moreover, it is not consistent with contemporaneous normal examinations showing no complaints of tremors or cognitive problems, no issues with gait and station, no spinal tenderness and no focal neurological findings (Exhibit 18F at 17, 22, 27, 32). Furthermore, Dr. Weiss' opinion of the claimant's extreme manipulative limitations is not supported by his findings, and appears to be based wholly on the claimant's subjective complaints (Exhibit 15F at 10). In addition, Dr. Weiss' opinion is inconsistent with his lack of further treatment of the claimant, as she testified at hearing that the only treatment she receives is weekly Vitamin B12 shots (Hearing Testimony). Finally, the undersigned notes that Dr. Weiss' statement that the claimant is permanently, totally disabled is not a medical opinion, but rather an administrative finding dispositive of a case. This is an issue reserved to the Commissioner, and as such, the undersigned affords this statement no weight (20 CFR 404.1527(d)( 1 )-(3)).

R. 38.

The ALJ articulated a number of reasons, supported by substantial evidence, for giving Dr. Weiss's opinion little weight.  *See id*.  For example, the ALJ could reasonably conclude that Dr. Weiss's opinion of Claimant's functional limitations was not supported by either Dr. Weiss's

limited negative findings (abnormal gait, reduced cervical and lumbar range of motion, spinal tenderness and spasm and decreased sensation to pinprick) or his otherwise normal exam findings (intact cranial nerves, full strength in all extremities with no atrophy or fasciculation, normal deep tendon reflexes, otherwise normal sensation and normal cerebellar testing).  Further, the ALJ could reasonably conclude that Dr. Weiss's opinion on functional limitations was not consistent with other (contemporaneous) normal exam findings.  The ALJ could also reasonably conclude that Dr. Weiss's opinion of Claimant's manipulative limitations was not supported by his own findings and that it appeared to be based solely on Claimant's subjective complaints.  Additionally, the ALJ could reasonably conclude that Dr. Weiss's opinion is inconsistent with Claimant's lack of further treatment.  Finally, the ALJ correctly stated that Dr. Weiss's "opinion" that Claimant is "permanently, totally disabled" is, in fact, not an opinion, but a case-dispositive administrative finding, and is thus an issue reserved to the commissioner.

A number of additional matters deserve further discussion.  First, despite Claimant's argument to the contrary, the ALJ "did not substitute h[er] judgment for that of [Dr. Weiss]; rather, [s]he determined that [Dr. Weiss's] opinion was inconsistent with objective medical evidence in the record. *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).[2]  Second, Claimant argues that the ALJ failed to consider several issues that the record suggests the ALJ did, in fact, consider.  Claimant argues that the ALJ failed to consider that Dr. Weiss is a neurologist, but the ALJ specifically identified Dr. Weiss "neurologist Gary Weiss, M.D." R. 37.  Claimant also argues that the ALJ failed to consider abnormal findings "on the lumbar MRI of August 17, 2018 (Tr. 723-24) and the cervical MRI of June 21, 2018 (Tr. 695)." Doc. 27 at 25.  However, Claimant

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

cites to a cervical MRI dated *September* 21, 2018. R. 695. Moreover, the ALJ explicitly noted the MRI results of both the August 2018 and the September 2018 MRIs; the ALJ also cited the exact pages of the record that Claimant identified as having not been considered. R. 35. Finally, Claimant argues that the ALJ failed to consider that Claimant was "already receiving Percocet and Neurontin for pain" from another doctor and that Dr. Weiss planned to consider further medications after reviewing MRI results. *See* Doc. 27 at 27. However, the ALJ discussed that, at the hearing, Claimant "endorsed taking Percocet three times a day" and "stated that she has seen [Dr. Weiss] three times for treatment and that she receives weekly Vitamin B12 injections but no other medication from him." R. 33. The ALJ also noted that Claimant's "pain has been managed with medication (Exhibits 5F at 10, 12, 13; 10F at 9)." R. 35. Thus, the ALJ considered that Claimant was taking medication for pain prescribed by another doctor and considered Dr. Weiss's lack of treatment of Claimant—beyond Vitamin B12 injections—subsequent to his review of the MRI results.

Claimant's additional arguments essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178. The Court finds no error in the ALJ's consideration of Dr. Weiss's opinion.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

   **ORDERED** in Orlando, Florida on April 21, 2021.

   DANIEL C. IRICK
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties